FILED
U.S. DISTRICT COURT
DISTRICT OF NEW MEXICO

2018 APR 30 PM 3: 56

CLERK-LAS CRUCES

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ALEXANDER PALOMAREZ,

      Petitioner,

v.                                   No. 18-CV-00361-RB-LF

DARIN YOUNG, Warden,
MARTY JACKLEY, Attorney General,

      Respondents.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL
## AND TO SHOW CAUSE

THIS MATTER is before the Court, pursuant to Rules 4 and 11 of the Rules Governing Section 2254 Cases In The United States District Court and 28 U.S.C. §§ 1915(e) and 1915A, on Petitioner Alexander Palomarez's Petition For Relief With Supporting Documents (Doc. 1), Petition For A Writ of Mandamus (Doc. 2), and Application To Proceed In District Court Without Prepaying Fees or Costs (Doc. 4). Because it appears that Petitioner is unable to prepay the filing fee, Petitioner's Application To Proceed In District Court Without Prepaying Fees or Costs pursuant to 28 U.S.C. § 1915 will be granted. For the reasons explained below, the Court will construe Petitioner's Petition For Relief With Supporting Documents as a civil rights complaint pursuant to 42 U.S.C. § 1983 to the extent that Petitioner seeks relief from the conditions of his confinement, and a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to the extent that Petitioner seeks immediate or speedier release. Petitioner's § 1983 claims will be dismissed without prejudice for lack of venue and Petitioner's § 2254 claims will be dismissed without prejudice for lack of jurisdiction. The Court will deny a certificate of

appealability and order Petitioner to show cause, within 30 days of the date of entry of this order, why filing restrictions should not be imposed.

On April 13, 2018, Petitioner, who is incarcerated in the South Dakota State Penitentiary, filed the present Petition For Relief With Supporting Documents (Doc. 1) ("Petition"). In his Petition, Petitioner alleges that his South Dakota criminal conviction and sentence were obtained in violation of his right to be free from self-incrimination under the Fifth Amendment of the United States Constitution, because he was intoxicated at the time of his arrest and interrogation. (Doc. 1.) Petitioner also appears to challenge the conditions of his confinement, alleging that the State of South Dakota and the South Dakota State Penitentiary are violating his right to due process of law by destroying his mail and restricting his communications with "anyone beyond the walls of this institution." (*Id.* at 5.) Petitioner further alleges that he is being harassed, intimidated, and threatened by the Office of the Attorney General of the State of South Dakota. (*Id.* at 6, 8.) Petitioner seeks "help" and the "appropriate action." (*Id.* at 4, 9.)

On April 18, 2018, Petitioner filed a Petition For A Writ of Mandamus. (Doc. 2.) Petitioner notes that he previously filed a petition for relief in this Court, which was transferred to the United States District Court for the District of South Dakota in the interest of justice. (Doc. 2; *see Palomarez v. Young*, 17-CV-01026-JCH-KBM, Doc. 20 (D.N.M. February 28, 2018).) Petitioner asks the Court to look to the documents submitted in that case "in the interest of justice" and to grant him immediate relief. (Doc. 2 at 3.)

Petitioner is proceeding pro se, and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the

2

plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

To the extent that Petitioner challenges the conditions of his confinement at the South Dakota State Penitentiary, the Court liberally will construe his Petition For Relief With Supporting Documents as a civil rights complaint pursuant to 42 U.S.C. § 1983. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (noting that "a prisoner who challenges the conditions of his confinement must do so through a civil rights action"). It is plain from the face of Petitioner's civil rights complaint that venue is improper in the District of New Mexico, because none of the events or omissions complained of occurred in this district, nor do any of the parties reside in this district. *See* 28 U.S.C. 1391(b); *see also Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (recognizing the district court's authority under 28 U.S.C. § 1915(e) to dismiss a complaint *sua sponte* for improper venue when "the defense is obvious from the facts of the complaint and no further factual record is required to be developed" and "it is clear that the plaintiff can allege no set of facts to support . . . venue") (internal quotation marks and citation omitted).

When venue is improper, the Court may dismiss the improper claims without prejudice or sever and transfer them in the interest of justice pursuant to 28 U.S.C. § 1406(a). *See Trujillo*, 465 F.3d at 1222–23; *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1518–19 (10th Cir. 1991). The United States Court of Appeals for the Tenth Circuit has not defined the term "in the interest of justice," but in determining whether dismissal or transfer is appropriate, the Court generally should consider whether the plaintiff's claims: (1) would be time-barred if

3

filed anew in the proper forum; (2) have merit; and (3) were filed in bad-faith. *See Faulkenburg v. Weir*, 350 F. App'x 208, 210 (10th Cir. 2009) (noting that "one of the factors in the interests-of-justice analysis is the plaintiff's good faith in filing the action in the wrong forum" and that "a district court must also consider whether the new action would be time-barred in the proper forum and whether the claims are likely to have merit"); *Johnson v. Christopher*, 233 F. App'x 852, 854 (10th Cir. 2007) (affirming dismissal of a suit filed "in such an obviously improper venue" and noting that there was "no reason to believe that an injustice will result from the dismissal as opposed to a transfer by, say, operation of a statute of limitations").

There is no indication in the record that Petitioner's conditions of confinement claims would be time-barred if filed anew in the proper forum. Petitioner's claims are subject to dismissal for failure to state a claim on which relief may be granted, because Petitioner has failed to identify *who* interfered with his constitutional rights, *what* each individual did that violated his rights, *when* this violation occurred, and *how* the violation caused him harm. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (noting that in civil rights cases against multiple governmental defendants "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her"); *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). Lastly, in light of Petitioner's acknowledgment that he is "fully aware" that the District of New Mexico is an improper forum for his claims, the Court finds that Petitioner's complaint was not filed in good-faith. (*See* Doc. 1 at 6 ("I am fully aware, and comprehend that I, am incarcerated

4

in the South Dakota State Penitentiary. I also recognize that I am seeking relief, in a Court, that probably does not have "Jurisdiction and/or "Subject matter").) Under these circumstances dismissal without prejudice, rather than severance and transfer, is appropriate.

Petitioner's Petition for Relief With Supporting Documents also challenges the constitutional validity of Petitioner's South Dakota conviction and sentence and appears to seek immediate release or speedier release from custody. (*See* Doc. 1.) The "sole federal remedy" for a prisoner who challenges "the very fact or duration of his physical imprisonment" and seeks "a determination that he is entitled to immediate release or a speedier release from that imprisonment" is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A petition for writ of habeas corpus under 28 U.S.C. § 2254 "is the proper avenue for attacking the validity of a [state] conviction and sentence." *Yellowbear v. Wyo. Attorney Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). Accordingly, to the extent that Petitioner seeks release from custody based on the alleged constitutional invalidity of his South Dakota conviction and sentence, the Court liberally will construe Petitioner's Petition as a petition for writ of habeas corpus under 28 U.S.C. § 2254.[1]

This is Petitioner's third § 2254 petition in this Court challenging his South Dakota conviction and sentence. *See Palomarez v. Young*, 17-CV-01026-JCH-KBM, Doc. 20 (D.N.M.

---

[1] Ordinarily, when a district court recharacterizes a *pro se* pleading as a first § 2254 petition, the Court must "notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent [§ 2254] motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the [§ 2254] claims he believes he has." *Castro v. United States*, 540 U.S. 375, 383 (2003). This restriction does not apply, however, where the petitioner previously filed a § 2254 petition, because "if the prisoner has filed once, any future motion will be subject to the same constraints whether it is the second [§ 2254] motion or a third." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). As explained in the body of this opinion, this is not Petitioner's first § 2254 petition and, therefore, the Court need not provide Petitioner with notice and an opportunity to amend or withdraw his *pro se* pleading prior to recharacterization.

5

Feb. 28, 2018) (construing Petitioner's pro se petition as a § 2254 petition and transferring it to the United States District Court for the District of South Dakota); *Palomarez v. Young*, 18-CV-00298-RB-SMV, Doc. 3 (D.N.M. Apr. 4, 2018) (construing Petitioner's pro se petition as a § 2254 petition and dismissing it for lack of jurisdiction); *see also St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Co.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (noting that "federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"). Additionally, Petitioner has filed two prior § 2254 petitions in the United States District Court for the District of South Dakota challenging the same South Dakota conviction and sentence, *see Palomarez v. Young*, CIV 15-5007-JLV (D.S.D. 2016); *Palomarez v. Young*, CIV 17-5070 (D.S.D. 2017), and has requested permission "three or more times" from the United States Court of Appeals for the Eighth Circuit to file a second or successive § 2254 petition, but his requests for permission "have been denied." (Doc. 2 at 3.)

As explained to Petitioner in his prior § 2254 proceeding, *see Palomarez*, 18-CV-00298-RB-SMV, Doc. 3 at 3, "[a] district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [the United States Court of Appeals] has granted the required authorization," *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). "When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from [the Court of Appeals], the district court may transfer the matter to [the Court of Appeals] if it determines it is in the interest of justice do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *Id.*

"Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of

6

justice to transfer the matter to [the Court of Appeals] for authorization." *Id.* at 1252. To be meritorious, a second or successive § 2254 petition must be based on: (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; or (2) a factual predicate that "could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(1)(i)–(ii).

Petitioner's § 2254 petition lacks merit because it is not based on a new rule of constitutional law, the factual predicate for Petitioner's claims could have been discovered previously through the exercise of due diligence, and Petitioner fails to explain how the facts, if viewed in light of the evidence as a whole, would be sufficient to establish that, but for the constitutional error, no reasonable factfinder would have found him guilty of the offense. Therefore, Petitioner's § 2254 petition will be dismissed for lack of jurisdiction, rather than transferred to the Court of Appeals.

In a habeas proceeding, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases In The United States District Courts. To be entitled to a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Reasonable

7

jurists could not debate the Court's conclusion that Petitioner's § 2254 petition is a second or successive petition over which this Court lacks jurisdiction and, therefore, a certificate of appealability will be denied.

As previously explained, this is Petitioner's third § 2254 petition in this Court, which was filed despite Petitioner's full awareness of the Court's lack of jurisdiction. Indeed, Petitioner recently was warned in *Palomarez v. Young*, 17-CV-01026-JCH-KBM, Doc. 24, that if he continued to file in that case, despite the transfer of his petition for writ of habeas corpus to the United States District Court for the District of South Dakota, then the Court "will consider recommending the imposition of filing restrictions." Furthermore, Petitioner has filed at least two petitions for writs of habeas corpus in the United States District Court for the District of South Dakota, and three motions for permission to file a second or successive petition for writ of habeas corpus in the United States Court of Appeals for the Eighth Circuit, all of which have been denied. In light of the foregoing, the Court finds that Petitioner has an abusive litigation history.

"[T]he right of access to the courts is neither absolute nor unconditional . . . and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007). Restrictions on future filings may be imposed where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *Tripati*, 878 F.2d at 353–54.

8

The Court will order Petitioner to show cause, within 30 days of the date of entry of this Order, why he should not be prohibited from submitting any new pro se petitions in the United States District Court for the District of New Mexico challenging the validity of his South Dakota criminal conviction or sentence without the representation of a licensed attorney admitted to practice in the United States District Court for the District of New Mexico or prior permission from this Court to proceed pro se. In order to obtain permission to proceed pro se, Petitioner will be directed to take the following steps:

> 1. File with the Clerk of the Court a motion requesting leave to file a pro se petition challenging his South Dakota criminal conviction or sentence;
>
> 2. Include with the motion a statement of the legal issues to be raised in the petition and an explanation of why these legal issues fall outside the limitation on second or successive petitions for writs of habeas corpus under 28 U.S.C. § 2244;
>
> 3. Attach the proposed pro se petition challenging Petitioner's South Dakota criminal conviction or sentence.

The Clerk of the Court will be directed to docket Petitioner's motion to proceed pro se, statement of issues, and proposed pro se petition in accordance with the Administrative Order In The Matter of: Restricted Filer Procedure, 18-MC-00004, Doc. 9 (D.N.M. Feb. 14, 2018).

Failure of Petitioner to file a written show cause response, within 30 days of the date of entry of this Order, may result in the imposition of the filing restrictions delineated above.

IT IS THEREFORE ORDERED that Petitioner's Application To Proceed In District Court Without Prepaying Fees or Costs (Doc. 4) is GRANTED;

IT IS FURTHER ORDERED that Petitioner's Petition For Relief With Supporting Documents (Doc. 1) is DISMISSED without prejudice;

IT IS FURTHER ORDERED that a certificate of appealability is DENIED;

9

IT IS FURTHER ORDERED that Petitioner must show cause, within 30 days of the date

of entry of this order, why filing restrictions should not be imposed.

ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE