IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALEXANDER PALOMAREZ,

      Petitioner,

v.                                        No. 18-CV-00361-RB-LF

DARIN YOUNG, *Warden*, MARTY
JACKLEY, *Attorney General*,

      Respondents.

## ORDER IMPOSING FILING RESTRICTIONS

THIS MATTER is before the Court, *sua sponte*. On April 30, 2018, the Court dismissed Petitioner Alexander Palomarez's Petition For Relief With Supporting Documents and ordered Petitioner to show cause why filing restrictions should not be imposed. (*See* Doc. 5.) Since that time, Petitioner has filed a Motion Requesting Leave to File a Petition For Relief (Doc. 6), which the Court denied as moot in light of the April 30, 2018 Memorandum Opinion and Order Of Dismissal And To Show Cause (Doc. 7).

On June 18, 2018, Petitioner filed a letter, which requests immediate release in exchange for the disclosure of certain confidential information. (Doc. 8.) As previously explained to Petitioner, a petition for writ of habeas corpus under 28 U.S.C. § 2254 is the exclusive remedy for a state prisoner who seeks immediate or speedier release from custody and this Court lacks jurisdiction over a § 2254 petition filed without the requisite authorization of the United States Court of Appeals for the Tenth Circuit. (*See* Doc. 5.)

In light of Petitioner's abusive litigation history and his failure to respond to the Court's order to show cause, filing restrictions will be imposed.

IT IS THEREFORE ORDERED that Petitioner is prohibited from submitting any new pro se petitions in the United States District Court for the District of New Mexico challenging the validity of his South Dakota criminal conviction or sentence without the representation of a licensed attorney admitted to practice in the United States District Court for the District of New Mexico or prior permission from this Court to proceed pro se. In order to obtain permission to proceed pro se, Petitioner must:

1. File with the Clerk of the Court a motion requesting leave to file a pro se petition challenging his South Dakota criminal conviction or sentence;

2. Include with the motion a statement of the legal issues to be raised in the petition and an explanation of why these legal issues fall outside the limitation on second or successive petitions for writs of habeas corpus under 28 U.S.C. § 2244;

3. Attach the proposed pro se petition challenging Petitioner's South Dakota criminal conviction or sentence.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to docket Petitioner's motion to proceed pro se, statement of issues, and proposed pro se petition in accordance with the Administrative Order In The Matter of: Restricted Filer Procedure, 18-MC-00004, Doc. 9 (D.N.M. February 14, 2018).

IT IS SO ORDERED.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE